UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN RED LEGS<br><br>Defendant. | 3:19-CR-030073-RAL<br><br><br>OPINION AND ORDER DENYING MOTION TO EXTEND TIME TO FILE § 2255 MOTION |

Dustin Red Legs (Red Legs) filed a motion to extend his deadline to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his criminal convictions for possession of child pornography, sexual exploitation of a minor, and aggravated sexual abuse of a child. Red Legs claims that extraordinary circumstances could prevent him from meeting his one-year deadline to file § 2255 motion. Red Legs has not filed an actual § 2255 motion, but requests only an extension to file such a motion. For the reasons set forth below, this Court denies Red Legs's motion for an extension to file a § 2255 motion.

**I. Facts**

In July 2020, a jury found Red Legs guilty of three separate charges. Doc. 95. After being sentenced in November 2020, Doc. 119, Red Legs filed a timely appeal, Doc. 120. The United States Court of Appeals for the Eighth Circuit then affirmed the judgement and commitment as to Red Legs on March 21, 2022, Doc. 146; Doc. 149-1 at 2, and denied the petition for a rehearing on April 20, 2022, Doc. 147; Doc. 149-1 at 2.

On June 21, 2022, Red Legs, acting pro se, sent a letter to the "United States District Court For the Eighth Circuit" moving for a ninety-day extension to file a § 2255 motion. Doc. 149-1 at 3. In his motion, Red Legs cited "extraordinary circumstances" that prevented him from doing legal research required to support his § 2255 motion. Id. Specifically, Red Legs claims that he would be unable to file a timely § 2255 motion "due to COVID-19 circumstances and the operations at all Bureau of Prisons institutions, and lockdowns due to pandemic restrictions. Additionally, there have been power outages, the phone system has been offline, and the education department has been closed, hence the law library has been closed as well." Id. Red Legs also indicated that he was "waiting for legal documents to arrive from [his] family in support of [his] 2255. [He was also] waiting for pertinent medical records[1] from the hospital that [he] will use as exhibits." Id.

The Eighth Circuit Clerk of Court subsequently received and responded to Red Legs's motion stating that his case in that court was now closed. Id. at 2. Red Legs then sent a letter to this Court on July 5, 2022, asking for the same extension and that a standard § 2255 motion form be sent to him, Doc. 149, and attached the initial motion he had sent, as well as the Eighth Circuit Clerk of Court's response, Doc. 149-1.

**II. Discussion**

Section 2255(a) states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1] If Red Legs is planning to seek compassionate release due to some medical conditions, the proper vehicle is not a § 2255 motion but a motion for compassionate release filed in this case under the First Step Act.

> move the court which imposed the sentence to vacate, set aside or correct the sentence.

When a party files a motion pro se, a court is to interpret arguments in the motion broadly. Sappington v. United States, 523 F.2d 858, 860 (8th Cir. 1975) (per curiam). Under 28 U.S.C. § 2255, a person in federal custody has one year from "the date of which the judgement of conviction becomes final" to make the motion. 28 U.S.C. § 2255(f). This one-year time limit "is a statute of limitation and not a jurisdictional bar." Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999). A court can equitably toll such a limitations period for extraordinary circumstances. Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)); see also United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).

But, a court's determination of whether to grant equitable tolling can only occur upon the filing of the § 2255 motion. United States v. Poole, No. CR13-30003, 2015 WL 13283253, at *1 (N.D. Iowa July 6, 2015). The basis for this requirement is that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." United States v. Anderson, No. 03-426, 2007 WL 2973838, at *1 (D. Minn. Oct. 9, 2007) (cleaned up and citations omitted). Without a petition to examine, any opinion as to the timeliness of the petition would be advisory and thus presents a non-justiciable question. Id. Though neither the Eighth Circuit nor the District of South Dakota previously has addressed this question, most circuit courts have found similarly. See United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam) (stating that the court lacks jurisdiction to consider the timeliness of a § 2255 petition until it is filed); United States v. White, 257 Fed. App'x 608, 609 (4th Cir. 2007) (per curiam) (same); United States v. McFarland, 125 Fed. App'x 573, 574 (5th Cir. 2005) (per curiam) (same); United States v. Moore, 56 Fed. App'x 686, 687 (6th Cir. 2003) (same); Swichkow v. United States, 565 Fed. App'x 840, 843–44 (11th Cir. 2014) (per curiam) (same). But see United States v. Thomas, 713 F.3d 165, 169

(3rd Cir. 2013) (finding that a § 2255 motion is a continuation of the underlying criminal case, which satisfies the justiciability requirement under Article III of the U.S. Constitution). Within the Eighth Circuit, other district courts have followed the approach that such an issue of equitable tolling is not ripe until a § 2255 motion is filed. Howard v. United States, No. 4:10CV300, 2010 WL 1424026, at *1 (E.D. Mo. Apr. 9, 2010) (dismissing a motion for extension to file a § 2255 motion based on lack of justiciability); Anderson, 2007 WL 2973838, at *1 (same); Poole, 2015 WL 13283253, at *1 (dismissing a motion for leave to file a late petition based on a lack of justiciability).

However, a motion for an extension can be considered a § 2255 motion if it contains sufficient grounds for a claim. Howard, 2010 WL 1424026, at *1. Because pro se motions are to be interpreted broadly, Sappington, 523 F.2d at 860, "a district court should first view the motion liberally and determine whether it may be construed as a § 2255 motion" before dismissing the motion for an extension, Howard, 2010 WL 1424026, at *1. To be construed as a § 2255 motion the motion should identify colorable grounds for relief and some summary of a factual basis for the asserted grounds for relief. See Anderson, 2007 WL 2973838, at *1 (citations omitted). Without such information, the motion for an extension of time for equitable tolling cannot be considered a § 2255 motion. Id. at *1-2 (finding that a motion "for an extension of ninety[](90)[] day[s] to prepare and file [defendant's] § 2255 motion" was insufficient to be construed as a § 2255 motion "even with the benefit of liberal construction").

Red Legs filed only the motion to extend, not any § 2255 motion. Doc. 149. Even broadly interpreting Red Legs's motion for an extension, it does not qualify as a § 2255 motion because it fails to specify any claimed grounds for relief available, let alone any factual basis for those grounds. See Doc. 149-1. Additionally, Red Legs requests that "this court order the clerk of court

4

to mail [him] the boiler plate form used to make a § 2255 petition," id., which indicates he did not intend his request to be interpreted as a § 2255 motion. Because no motion was filed, any opinion rendered relating to the extension limitations period would be advisory. Thus, the Court must deny the motion for an extension. However, nothing here prevents Red Legs from filing his § 2255 motion and he appears to have until July 19, 2023, to do so, which is one year after when Red Legs' time to file a petition for certiorari expired after the April 20, 2022, denial of rehearing en banc. See Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgement of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction" even if such a petition is not filed.)

### III. Conclusion and Order

For the reasons explained above, it is hereby

ORDERED that Red Legs's motion for an extension to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, Doc. 149, is denied.

DATED this 22nd day of August, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE